**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. ROJO,<br><br>            Plaintiff,<br><br>    v.<br><br>CAPITAL LINK MANAGEMENT, LLC d/b/a CONSUMER CLIENT SERVICES,<br><br>            Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes JOSE A. ROJO ("Plaintiff"), by and through his attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of CAPITAL LINK MANAGEMENT, LLC d/b/a CONSUMER CLIENT SERVICES ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within, and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within, the Central District of California.

## PARTIES

4.   Plaintiff is a 30-year-old consumer residing in Garden Grove, California, which is located within the Central District of California.

5.   Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is a third party debt collector that collects debts from consumer originally owed to others.[1] Defendant is a limited liability company organized under the laws of the state of New York with its principal place of business located at 100 Corporate Parkway, Suite 106, Amherst, New York. Defendant engages in collection activity throughout the United States, including the state of California.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.   The instant action arises out of Defendant's attempts to collect upon an outstanding CashNet USA ("CashNet") consumer obligation ("subject debt") allegedly owed by Plaintiff.

---

[1] http://www.capitallinkmanagement.com/home.html

10. The subject debt stems from a personal loan Plaintiff received from CashNet, which was used by Plaintiff for personal purposes.

11. After incurring the subject consumer debt, Plaintiff purportedly defaulted on his payments to CashNet.

12. Upon information and belief, CashNet subsequently charged off the subject debt and turned collection of the subject debt over to Defendant for collection purposes.

13. In approximately September 2019, Plaintiff started getting calls to his cellular phone, (714) XXX-6769, from Defendant.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -6769. Plaintiff is and always has been financially responsible for the cellular phone and its services.

15. Defendant has mainly used the phone number (888) 200-5712 when placing collection calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

16. Upon information and belief, the above-referenced phone number is regularly utilized by Defendant during its debt collection activity.

17. Upon speaking with Defendant, Plaintiff was advised that it was calling to collect upon the subject debt.

18. In its conversations with Plaintiff, Defendant would identify itself as "Consumer Client Services" ("CCS").

19. A review of the New York Secretary of State website, as well as California's, reveal that the name CCS is not a registered trade name of Defendant.

20. Plaintiff consistently dealt with a representative of Defendant's identifying himself as "Robert Juliano."

3

21.   During his conversations with Mr. Juliano, Plaintiff was repeatedly treated in a harassing and threatening manner.

22.   Defendant repeatedly threatened Plaintiff with a lawsuit if he did not pay the subject debt.

23.   Defendant further told Plaintiff that, rather than serve him with this lawsuit at his home, they would serve him at his place of employment, inherently causing Plaintiff to be concerned that he would be subjected to embarrassment and shame in front of his co-workers.

24.   Defendant explicitly told Plaintiff that his wages *would* be garnished if he did not pay the subject debt.

25.   Defendant did not condition this threat of garnishment on its success on any litigation; instead, Defendant's threat of garnishment was explicit and affirmatively represented to Plaintiff that his wages *would* be garnished, regardless of any lawsuit that was filed.

26.   Plaintiff's employment is such that any wage garnishment would jeopardize the status of his employment.

27.   Fearing that he would lose his job, Plaintiff gave in to Defendant's threats and agreed to make payments on the subject debt.

28.   Plaintiff made two payments to Defendant in connection with the subject debt; however, after doing more research on the nature of his rights and of the nature of Defendant's conduct, Plaintiff decided to cease making payments.

29.   Although Defendant identified itself as CCS when speaking with Plaintiff, the payments Plaintiff made were taken out of his bank account by Capital Link Management, LLC – illustrating the extent to which Defendant was using an unlicensed trade name in its dealings with Plaintiff.

30.   Furthermore, Defendant again began contacting Plaintiff's cellular phone when his payments stopped going through.

31.   However, Defendant's phone calls were not limited to just Plaintiff.

4

32. Plaintiff's mother in law – Tina – was also contacted by Mr. Juliano.

33. Tina has absolutely no connection with the subject debt.

34. During this phone call, Mr. Juliano disclosed the nature of the subject debt to Tina and further informed Tina that Plaintiff would be sued if he did not pay.

35. After Tina relayed the nature of her conversation with Mr. Juliano to Plaintiff, Plaintiff contacted Defendant to complain about the blatant invasion of privacy that occurred as a result of Defendant disclosing sensitive financial information to his mother in law.

36. Rather than listen to Plaintiff, Defendant made more threats of going after Plaintiff in connection with the debt, going so far as to explicitly refer to Plaintiff as a "criminal" for not paying the subject debt.

37. Frustrated over Defendant's conduct, Plaintiff spoke with Wajda regarding his rights, resulting in expenses.

38. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

39. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, undue emotional distress, anxiety commensurate with fearing his employment would be impacted if he did not pay the debt, and a further violation of his state and federally protected interests in being free from harassing and misleading debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

42. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

43. Defendant identifies itself as a debt collector, and is engaged in a business the principal purpose of which is collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

44. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §§ 1692b(2) and 1692c(b)

45. The FDCPA, pursuant to 15 U.S.C. § 1692b(2), provides that "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall . . . not state that such consumer owes any debt."

46. The FDCPA, pursuant to 15 U.S.C. § 1692c(b), provides that "[e]xcept as provided in section 1692b of this title, without the prior express consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

47. Defendant violated both § 1692b(2) and § 1692c(b) through the nature of the conversation Mr. Juliano had with Plaintiff's mother in law, Tina. By virtue of communicating with this third party and disclosing to such third party that Plaintiff owed a debt, Defendant's conduct clearly violates the above referenced provisions of the FDCPA.

### b. Violations of FDCPA § 1692d

48. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

49. Defendant violated § 1692d through the repeated threats of litigation made to Plaintiff. These threats were made not with the intent to follow through, but were instead designed to compel Plaintiff's payment on the subject debt – as evinced through the entire course of conduct engaged in by Defendant in its efforts to collect the subject debt. Defendant made these threats – and explicitly saying Plaintiff would be served with this lawsuit at work – in order to put pressure on Plaintiff to pay the debt.

50. Defendant further violated § 1692d through its threats of garnishment without due process. Defendant affirmatively represented to Plaintiff that his wages *would* be garnished if he did not pay the subject debt, and at no point informed Plaintiff that it would need to obtain a judgment in its favor before such proceedings could be initiated. Given that Plaintiff's employment could be jeopardized by such a garnishment, Defendant's threat to deprive Plaintiff of his property without due process underscores the extent to which Defendant engaged in conduct which had the natural consequence of harassing, oppressing, and abusing Plaintiff.

51. Additionally, Defendant violated § 1692d when it harassingly contacted Plaintiff's mother in law and disclosed to her that Plaintiff owed the subject debt. Defendant engaged in this blatant invasion of Plaintiff's privacy in a harassing effort to put pressure on other individuals in Plaintiff's life, who would in turn apply pressure on Plaintiff to address his purported obligation to Defendant. Such conduct inherently had the natural consequence of harassing and oppressing Plaintiff.

52. In addition to violating the FDCPA's general prohibition on harassing conduct, Defendant further violated 15 U.S.C. § 1692d(6), which makes it a violation of the statute to engage in "the placement of telephone calls without meaningful disclosure of the caller's identity."

53. Defendant violated § 1692d(6) through its use of the name CCS when placing phone calls to Plaintiff. Because CCS's true name is Capital Link Management, Defendant's use of the name CCS cannot constitute as a meaningful disclosure of the true identity of the calling party.

7

### c.  Violations of FDCPA § 1692e

54. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

55. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

> "The representation or implication that nonpayment of any debt will result in . . . the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector . . . intends to take such action." 15 U.S.C. § 1692e(4).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer." 15 U.S.C. § 1692e(7).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

> "The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14).

56. Defendant violated §§ 1692e, e(2)(A), e(4), e(5), and e(10) through its threatening to garnish Plaintiff's wages absent due process. Defendant lacked the lawful ability to make its affirmative threat of wage garnishment since Defendant did not have an underlying court judgment entered in connection with the subject debt.

57. Defendant further violated §§ 1692e, e(5), and e(10) through its threats of initiating litigation against Plaintiff in connection with the subject debt. The entire course of dealings between Defendant and Plaintiff illustrate that Defendant made these threats not in a legitimate warning of action it intended to take, but instead to unduly increase the pressure on Plaintiff to address the debt before Defendant would sue. Defendant made such threats for months, yet has not taken any action in furtherance of litigation. This failure, in combination with the other baseless and harassing threats

in conduct engaged in by Defendant, further illustrate its lack of intent to follow through on its threats.

58. Defendant also violated §§ 1692e, e(7), and e(10) when it called Plaintiff a "criminal." Use of such language inherently implied that Plaintiff committed some sort of crime, which is a demonstrably false representation.

59. Furthermore, Defendant violated §§ 1692e, e(10), and e(14) through the use of the name CCS, rather than Capital Link Management. Although Capital Link was the true entity collecting the debt, as evinced by the payments Plaintiff made in connection with the subject debt, Defendant used the name CCS when speaking with Plaintiff over the phone. Given that CCS is not a registered trade name of Defendant in either California or New York, Defendant used a name, other than its "true" name, in violation of the FDCPA.

60. As pled in paragraphs 37 through 39, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, JOSE A. ROJO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

61. Plaintiff restates and realleges paragraphs 1 through 60 as though fully set forth herein.

62. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

63. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

64. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.10 – 1788.17

65. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

66. As outlined above, through its harassing and deceptive attempts to collect upon the subject debt, Defendant violated 1788.17 through its numerous violations of §§1692b, c, d, and e of the FDCPA.

67. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, JOSE A. ROJO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e.   Award any other relief as the Honorable Court deems just and proper.

Dated: December 5, 2019                Respectfully submitted,

                                       By: /s/ Nicholas M. Wajda
                                       Nicholas M. Wajda
                                       **WAJDA LAW GROUP, APC**
                                       6167 Bristol Parkway
                                       Suite 200
                                       Culver City, California 90230
                                       Telephone: 310-997-0471
                                       Facsimile: 866-286-8433
                                       E-mail: nick@wajdalawgroup.com